IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

KELLY CRADOCK,

      Plaintiff,

    v.                                                                               Civ. No. 23-522 DHU/SCY

PORTALES MUNICIPAL SCHOOLS' BOARD
OF EDUCATION, NATHAN DODGE,
ARTURO ONTIVEROS, and JOHNNIE CAIN,
in their official and individual capacities,

      Defendants.

**ORDER GRANTING IN PART EXTENSION OF TIME
TO COMPLETE DISCOVERY**

      This matter comes before the Court on Defendants' Opposed Motion To Extend Discovery And Other Case Management Deadlines (Doc. 48) and Plaintiff's Motion For A Protective Order (Doc. 53). In the Motion to Extend Discovery, Defendants seek an extension of discovery so they may conduct depositions and obtain discovery related to two categories of information they claim Plaintiff only recently disclosed. One of the two categories of information Defendants seek—related to Plaintiff's employment—pertains to information Plaintiff should have, but did not, provide in response to a written discovery request Defendants propounded. The Court agrees with Defendants that good cause exists for a discovery extension that will enable them to obtain discovery related to this category of information. The Court disagrees with Defendants, however, that good cause exists for a discovery extension related to the second category of information—pertaining to incidents of harassment and/or vandalism about which Plaintiff testified during her deposition. Thus, the Court denies Defendants' general request to extend the deadline for all discovery but grants Defendants' request for additional time to obtain

discovery related to Plaintiff's previously omitted employment.

In the Motion For A Protective Order, Plaintiff seeks a protective order involving a third category of information: recordings Plaintiff should have, but did not, identify in response to earlier written discovery Defendants propounded. Although Defendants' second round of discovery seeking these recordings arguably was served four days after the deadline for responses to be considered timely, the Court finds Plaintiff's prior failure to identify these recordings earlier provides good cause to extend Defendants' deadline by four days. Accordingly, the Court denies Plaintiff's motion for a protective order.

Under the Federal Rules, "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time." Fed. R. Civ. P. 6(b)(1); *see also* Fed. R. Civ. P. 16(b)(4) (a scheduling order "may be modified only for good cause"). "'[G]ood cause' requires a greater showing than 'excusable neglect.'" *In re Kirkland*, 86 F.3d 172, 175 (10th Cir. 1996). Inadvertence, negligence, mistakes of counsel, and ignorance of the rules do not constitute "good cause." *Id.* at 175-76. "Whether to extend or reopen discovery is committed to the sound discretion of the trial court." *Smith v. United States*, 834 F.2d 166, 169 (10th Cir. 1987). The factors relevant to this decision are:

> 1) whether trial is imminent, 2) whether the request is opposed, 3) whether the non-moving party would be prejudiced, 4) whether the moving party was diligent in obtaining discovery within the guidelines established by the court, 5) the foreseeability of the need for additional discovery in light of the time allowed for discovery by the district court, and 6) the likelihood that the discovery will lead to relevant evidence.

*Id.*

In this case, Plaintiff claims she was retaliated against for opposing racial discrimination. Doc. 14 at 2. Plaintiff alleges that she was forced to resign and, although she gave three months' notice, her employment was abruptly terminated. *Id.* at 5. Among other things, Plaintiff makes a

claim for lost wages. Doc. 1 at 15. The Court's most recent scheduling order set a July 1, 2024, discovery end date. Doc. 30. On April 16 (approximately two and a half months before the close of discovery), Defendants requested to depose Plaintiff and for the deposition to take place sometime between April 22 and May 14. Doc. 53-1 at 2. Plaintiff agreed to be, and was, deposed on May 14. *Id*. at 1; Doc. 53 at 2.

During this deposition, Plaintiff provided the two categories of information discussed above: (1) names of employers that Plaintiff had not previously disclosed in her responses to written discovery requests (Turquoise Trail Charter School and Little Earth School) and (2) a description of harassment and/or vandalism that occurred in spring 2022 or later. Doc. 52-5 at 2-3; Doc. 48 at 2; Doc. 57 at 4. Three weeks after Plaintiff's deposition, on June 4, 2024 Defendants served Plaintiff with interrogatories and requests for production directed toward obtaining recordings Plaintiff identified in her deposition. Doc. 56 at 1; Doc. 53-4. Although Defendants seek a general extension of the discovery deadline, they focus their arguments on these three categories of information. They argue they should be able to receive additional discovery related to these categories and Plaintiff argues they should not. Reviewing the *Smith* factors, the Court agrees with Defendants regarding the first and third categories (additional discovery related to the employment Plaintiff identified in her deposition and responses to already-served written discovery related to the recordings and communication Plaintiff identified in her deposition). The Court agrees with Plaintiff, however, that the time for Defendants to seek discovery related to the second category of information has passed (related to harassment and/or vandalism).

The first and third *Smith* factors (imminence of trial and prejudice), as applied to all three categories, favor Defendants. Trial is scheduled for February 3, 2025. Defendants request an

extension of the discovery period through August 15, with pretrial motions due September 15, 2024. Such an extension is unlikely to interfere with the trial date. The second *Smith* factor (asking whether a continuance is opposed) favors Plaintiff as applied to all three categories because she opposes the requested continuance.

When it comes to the fourth *Smith* factor (diligence) analysis of the various categories of discovery Defendant seeks diverges. Regarding the first and third categories (employment history and recordings/communications), Defendants demonstrated diligence in seeking this information through earlier written discovery and Plaintiff demonstrated a lack of diligence in not providing this information in response to such written discovery. True, Defendants did not serve their most recent set of written interrogatories related to this third category until June 4, 2024—less than thirty days before the July 1, 2024 discovery end date. The magistrate judge who issued the first scheduling order in this case reminded the parties that "Discovery must be completed on or before this deadline [the discovery end date]." Doc. 15 at 2 n.2. Arguably, therefore, because the 30 days to respond fell outside the discovery end date, the requests for which Plaintiff seeks a protective order are untimely.

But, this is not the first time Defendants requested this type of information. When Defendants served its first set of interrogatories and requests for production on Plaintiff on October 13, 2023, Defendants sought this same type of information. Doc. 21; Doc. 56-1. They assert, "Plaintiff failed to identify and provide recordings of communications pertaining to events described in her Complaint as requested in Defendants' Request for Production, despite being explicitly asked to do so. Plaintiff stated in her deposition that she has recordings of relevant conversations." Doc. 56 at 1. Given that the written discovery Defendants served on June 4 was

4

Defendants' second request for the information sought, the Court concludes that Plaintiff demonstrated a greater lack of diligence than Defendants.

Likewise, in their first set of written discovery served on October 13, 2023, Defendants requested the first category of information (employment history). Doc. 21; Doc. 48-1. In so doing, Defendants demonstrated diligence whereas, in not providing this information in response to Defendants' written discovery, Plaintiff demonstrated a lack of diligence. Plaintiff points out that, even though she did not provide the employment history at issue in response to Defendants' written discovery requests, this employment history was included in her expert report served on March 21, 2024; thus, Defendants had notice of it long before Plaintiff's deposition. Doc. 52 at 4-5. Although this fact may mitigate Plaintiff's failure to provide this information in response to Defendants' written discovery request, it does not tip consideration of the diligence factor in Plaintiff's favor. Defendants were not required to scour through every page of discovery Plaintiff provided in search of information that Plaintiff might have neglected to include in her response to a discovery request specifically directed to obtain the information sought.

The second category of information (harassment and/or vandalism) is different. Defendants do not assert they sought such information before asking Plaintiff about it during her deposition. It is true that Defendants did not have this information until Plaintiff's deposition and Plaintiff's deposition occurred toward the end of the discovery period. However, Defendants could have sought additional discovery related to this category of information in the six weeks that remained in the discovery period after Plaintiff's deposition. Although this might be a tight timeline, it is a timeline dictated by Defendants' strategic decision to conduct Plaintiff's deposition toward the end of the discovery period. Thus, regarding the second category of information, the diligence factor favors Plaintiff.

Analysis of the fifth *Smith* factor (foreseeability) is similar to analysis of the fourth factor. Regarding the first and third categories of information (employment history and recordings), Defendants foresaw the need to request such discovery and so timely propounded written discovery to obtain such information. Conversely, in not providing the information when it was requested, Plaintiff should have been able to foresee the need for Defendants to obtain the information late in the discovery process. Therefore, regarding the first and third category of information, the foreseeability factor favors Defendants.

Turning to the second category of information (harassment and/or vandalism), the Court finds the fifth factor to be neutral. Although such information would have been difficult for Defendants to foresee in advance of Plaintiff's deposition, that is often the case with information obtained during a deposition. That is, Defendants could have foreseen learning new information during Plaintiff's deposition that would have required follow-up before the disclose of discovery.

The sixth and final *Smith* factor is whether the discovery sought is likely to lead to relevant evidence. In this employment case, Plaintiff's subsequent employment history (the first category) is clearly relevant to damages. So are recordings related to the allegations in Plaintiff's complaint (third category).

Evidence of harassment and/or vandalism (second category) that, at this point, is not necessarily tied to the allegations in Plaintiff's complaint, is not so obviously relevant. In reply, Defendant explains that this information is relevant to Plaintiff's claim for lost wages and a failure-to-mitigate defense: "Plaintiff claims she has received several threats since she left Portales High School. She further claims that she resigned from one of her subsequent employment positions due to these threats." Doc. 57 at 4. Defendants purpose for seeking additional discovery on this topic might be to demonstrate that these incidents either did not

6

occur or, if they did occur, it was unreasonable for Plaintiff to leave her subsequent employment because of them. Or, Defendants might have some other legitimate reason for seeking discovery on this topic. Fair enough. If discovery were open, the Court would not prevent Defendants from conducting such discovery. At this point, however, discovery has closed and Defendants have failed to demonstrate good cause for not seeking additional discovery on this topic before discovery closed.

In sum, regarding the first category (employment history), the balance of the *Smith* factors weighs in favor of a limited discovery extension. Similarly, regarding the third category (recordings and communications), the balance of *Smith* factors weighs in favor of denying Plaintiff's motion for a protective order. Regarding the second category (harassment and/or vandalism), consideration of the *Smith* factors tips against allowing additional discovery.

The scope of additional discovery the Court will allow, however, will be limited. Other than discovery about the above three categories, Defendants do not state what they seek. Defendants make a passing reference to unspecified depositions that have been difficult to schedule, Doc. 48 at 2, but Plaintiff indicates there are no outstanding deposition requests in this case, Doc. 52 at 2, and Defendants do not further elaborate in reply. Because Defendants justify neither an extension to take unspecified depositions nor an extension of discovery for general purposes, the Court denies Defendants' request for a general discovery extension. Correspondingly, the Court denies the request to extend the general deadline to file discovery-related motions (currently set for June 21, 2024). Plaintiff must respond to the written discovery Defendants propounded on June 5, 2024, and Defendants may seek additional discovery related to the new employment Plaintiff identified during her deposition. The Court orders no more.

THEREFORE, IT IS ORDERED THAT:

1.	Defendant's Motion to Extend Discovery, Doc. 48, is GRANTED IN PART. The deadline to complete discovery is extended to August 15, 2024 for the limited purposes of conducting discovery related to employment Plaintiff omitted from her responses to written discovery but identified in her deposition. The motion is DENIED in all other respects.

2.	Plaintiff's Motion for Protective Order, Doc. 53, is DENIED. Plaintiff shall respond to the discovery that is the subject of the motion for the protective order within 30 days of the date of this Court Order.

3.	Any motions to compel related to this additional discovery shall be due according to Local Rule 26.6 (Objections to Discovery), but in any event no later than September 5, 2024.

4.	The deadline to file pretrial motions other than discovery motions is extended to September 16, 2024.

SO ORDERED.

_____
STEVEN C. YARBROUGH
UNITED STATES MAGISTRATE JUDGE